1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GILBERT NILE BROWN,                    Case No.  1:19-cv-01706-HBK

12               Plaintiff,                 ORDER GRANTING AWARD AND
                                            PAYMENT OF ATTORNEYS FEES UNDER
13        v.                                THE EQUAL ACCESS TO JUSTICE ACT
                                            AND MOOTING INITIAL MOTION
14   COMMISSIONER OF SOCIAL
     SECURITY,                              (Doc. Nos.  35, 36)
15
                Defendant.
16

17        Pending before the Court are Plaintiff's initial motion for an award of attorney fees filed

18   pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, with supporting

19   declaration (Doc. No. 35); and the parties' stipulated motion agreeing to a reduced amount of

20   $10,000.00 in attorneys' fees and expenses to Plaintiff's attorney Jonathan O. Peña (Doc. No. 36),

21   filed on May 23, 2022 and June 2, 2022, respectively.

22        On February 22, 2022, this Court granted the Plaintiff's Motion for Summary Judgment

23   and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

24   further administrative proceedings.  (Doc. No. 33).  Judgment was entered the same day.  (Doc.

25   No. 34).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a)

26   & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S.

27   292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42

28   U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.

1   (Doc. No. 36).

2        The EAJA provides for an award of attorney fees to private litigants who both prevail in

3   civil actions (other than tort) against the United States and timely file a petition for fees.  28

4   U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party

5   unless it finds the government's position was "substantially justified or that special circumstances

6   make such an award unjust."  *Id.*  Here, the government did not show its position was

7   substantially justified and the Court finds there are not special circumstances that would make an

8   award unjust.

9        Plaintiff requests an award of $10,000.00 in EAJA fees for 57.7 hours of attorney time.

10  (Doc. No. 35 at 4).  The Court finds an award of $10,000.00 is appropriate.  EAJA fees, expenses,

11  and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as

12  discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010).  If the Commissioner determines upon

13  effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under

14  the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

15       Accordingly, it is **ORDERED:**

16       1. Plaintiff's stipulated motion for attorney fees and expenses (Doc. No. 36) is

17  **GRANTED**.  Plaintiff's initial motion (Doc. No. 35) is deemed **MOOT**.

18       2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in

19  the amount of $10,000.00 in attorney fees and expenses.  Unless the Department of Treasury

20  determines that Plaintiff owes a federal debt, the government shall make payment of the fees to

21  Plaintiff's counsel, Jonathan Peña, in accordance with Plaintiff's assignment of fees and subject

22  to the terms of the stipulated motion.

23

24  Dated:    June 8, 2022

25                                          HELENA M. BARCH-KUCHTA
                                            UNITED STATES MAGISTRATE JUDGE
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28